

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00024-CV

———————————————

PAUL BAILEY, Appellant

V.

DANA CHERISSE MICHAELIS, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2021-04381-JP

---

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Paul Bailey, proceeding pro se, appeals from the trial court's judgment awarding possession of 129 Schooling Road in Roanoke, Texas (the Property) to Appellee Dana Cherisse Michaelis. Because Bailey failed to adequately brief his challenges to the judgment, we will affirm.

## I. Background

According to Michaelis, she leased the Property to Bailey in October 2019 under an oral lease agreement. On October 26, 2021, Michaelis sent Bailey a notice to vacate the Property by certified mail; she also delivered a copy of the notice to Bailey by posting it on the Property's front door. The notice gave Bailey until November 5, 2021, to vacate the Property. Bailey refused to leave.

On November 15, 2021, Michaelis sued in justice court to evict Bailey from the Property, claiming that he had failed to pay rent, that he had breached the lease agreement's terms by "lack of maintenance & agreement," and that he was unlawfully holding over. After a bench trial at which both Michaelis and Bailey appeared, the justice court awarded possession of the Property to Michaelis, along with court costs. Bailey timely appealed to county court at law for a trial de novo. *See* Tex. R. Civ. P. 510.9, 510.10.

At the trial de novo, Michaelis testified that the lease agreement with Bailey was an oral, temporary agreement. She stated that she had first informed Bailey in spring 2021 that he would need to find another place to live because the larger parcel that

2

included the Property had been replatted.[1] Michaelis further testified that on October 26, 2021, she sent Bailey a notice to vacate by certified mail and posted the notice to the Property's front door. After Michaelis sent the notice to vacate, Bailey started making death threats toward Michaelis. Michaelis then sued to evict Bailey for several reasons: unpaid rent, "lack of maintenance," not "abiding by the agreement," and holding over.

Bailey testified that he believed that Michaelis had decided to evict him in retaliation for his complaining about the Property's condition—a water leak, resulting mold, a broken refrigerator, and issues with the hot water. *See generally* Tex. Prop. Code Ann. §§ 92.331–.335. He further stated that by the time Michaelis had sued to evict him, he had already filed a repair-and-remedy suit in justice court complaining about the water leak and the mold. *See generally id.* §§ 92.051–.062. He also complained that the justice court had erroneously consolidated his repair-and-remedy suit with Michaelis's eviction suit.[2]

At the trial's conclusion, the trial court awarded possession of the Property to Michaelis, and the trial court later signed a possession judgment in her favor. Bailey has appealed.

---

[1]According to Michaelis's trial attorney, the parcel was going to be developed starting in September 2021.

[2]It does not appear from our record that the justice court did, in fact, consolidate Bailey's repair-and-remedy suit with Michaelis's eviction suit.

## II. Analysis

A pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and procedural rules. *E.g.*, *In re T.H.*, No. 02-19-00300-CV, 2020 WL 5833624, at *2 (Tex. App.—Fort Worth Oct. 1, 2020, no pet.) (per curiam) (mem. op.); *Flores v. Off. Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.). "On appeal, as at trial, the pro se appellant must properly present his case." *Flores*, 2011 WL 2611140, at *2. To properly present a case on appeal, an appellant's brief must, among other requirements, "state concisely all issues or points presented for review" and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(f), (i).

We construe briefs liberally. *See* Tex. R. App. P. 38.9. Bailey generally complains that the trial court erred by awarding possession of the Property to Michaelis. But, even construing Bailey's brief liberally, we are unable to determine what issues he is presenting for our review. *See* Tex. R. App. P. 38.1(f). We are likewise unable to discern his argument, and he has made no citations to the record. *See* Tex. R. App. P. 38.1(i). Regarding citations to legal authority, Bailey quotes the Seventh Amendment to the United States Constitution; quotes Article I, Section 30 of the Texas Constitution ("Rights of Crime Victims"); and quotes part of Property Code Section 92.331 ("Retaliation by Landlord"). *See* U.S. Const. amend. VII; Tex. Const. art. I, § 30; Tex. Prop. Code Ann. § 92.331. He also cites United States Code

Title 42, Section 1983; Property Code Section 92.056 ("Landlord Liability and Tenant Remedies; Notice and Time for Repair"); and four cases. *See* 42 U.S.C.A. § 1983; Tex. Prop. Code Ann. § 92.056. But Bailey does not explain these legal authorities' applicability, and we are unable to determine how these legal authorities support Bailey's argument because we are unable to understand what his argument is.

While "[w]e are mindful of the difficulties that pro se litigants face," we cannot make Bailey's arguments for him. *Thiessen v. Fid. Bank*, No. 02-17-00321-CV, 2018 WL 5993316, at * 3 (Tex. App.—Fort Worth Nov. 15, 2018, pet. denied) (mem. op.); *see Baish v. Allen*, No. 02-17-00146-CV, 2019 WL 1284900, at *1 (Tex. App.—Fort Worth Mar. 21, 2019 no pet.) (mem. op.) ("Identifying and determining the number of issues [appellant] is presenting puts us in the precarious position of possibly over-advocating or under-advocating on his behalf when, as a neutral adjudicator, we should not be advocating for any party at all."); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (per curiam) (mem. op.) (noting that the appellant's brief was "so inadequate that we would have to make her legal arguments for her" and that pro se litigants are held to the same standards as licensed attorneys). "We do not have a duty to conduct an independent review of the record and applicable law to determine whether the error complained of occurred." *Flores*, 2011 WL 2611140, at *2. Because Bailey's brief does not concisely—or clearly—state the issues presented for review and does not contain a clear argument for his contentions with appropriate citations to legal authorities and

to the record, we hold that Bailey has waived any potential appellate issues. *See* Tex. R. App. P. 38.1(f), (i); *Ex parte D.K.*, No. 02-22-00020-CV, 2022 WL 15075939, at *2 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op.). We thus overrule Bailey's challenges to the trial court's judgment.

## III. Conclusion

Having overruled Bailey's appellate challenges, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: March 2, 2023